UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAMONA LEWIS | CIVIL ACTION |
| VERSUS | NO: 21-506 |
| WALMART, INC. | SECTION: "A" (4) |

**ORDER AND REASONS**

The following motions are before the Court: **Motion for Summary Judgment (Rec. Doc. 15)** and **Motion to Strike (Rec. Doc. 18)** filed by the defendant, Walmart, Inc. Plaintiff has filed no opposition to either motion.[1] The motions, submitted on December 8, 2021, and January 5, 2022, are before the Court on the briefs without oral argument.

The events giving rise to this litigation occurred on December 2, 2019, at a Walmart store located in Boutte, Louisiana. The plaintiff, Ramona Lewis, entered the store early that morning to take advantage of a Black Friday sale on tablets. Lewis learned that all of

---

[1] Plaintiff's opposition to the motion for summary judgment was due on November 30, 2021. See L.R. 7.5. Given that Plaintiff had taken no action to oppose the motion, on December 8, 2021, which was the submission date, the Court's law clerk emailed all counsel of record to determine the status of the case and whether the motion was perhaps unopposed. Defense counsel responded; Plaintiff's counsel neither responded to the email nor contacted chambers to explain the absence of an opposition in the record. On December 13, 2021, Plaintiff filed an untimely opposition without leave of Court. For reasons unrelated to the timing of the opposition, the Clerk's Office rejected the filing and provided a deficiency remedy deadline of December 21, 2021. Plaintiff made no attempt to correct the opposition or to contact chambers regarding the opposition. So as the record stands today, Plaintiff does not have before the Court a valid opposition to the motion for summary judgment. The Court did read, however, the opposition and notes that in an attempt to create an issue of fact, it argues facts not supported by the evidence of record.
The opposition deadline for the motion to strike was December 28, 2021.

1

the tablets were sold out and she exited the store, at which time she alleges that she was stopped by the store greeter. (Rec. Doc. 1-1, Petition ¶ V). Lewis alleges that she was suspected of shoplifting because she came into the store and left quickly without making a purchase.[2] (*Id.* ¶ VII). The petition, which was verified by a sworn statement executed by Lewis (Rec. Doc. 1-1 at 6), states:

> [T]he Greeter . . . searched her in front of all of the customers and patrons entering and exiting the store, where he did not find any items or contraband on petitioner. The Greeter called the Manager from the back of the store, which took quite a period of time before the Manager came to the front of the store, where petitioner, Ramona Lewis, was being held in the front of the store on a bench against her free will, and then she was taken to Customer Service by the Manager against her free will, and not allowed to leave the store.

(Rec. Doc. 1-1, Petition ¶ VI).

Lewis also alleges that Walmart (via its greeter) defamed her by calling her a thief and accusing her of stealing property. (*Id.* ¶ IX).

The two causes of action arising out of this rendition of the facts are a false imprisonment claim and a defamation claim. Lewis filed suit in St. Charles Parish for a litany of emotional and reputational damages. Walmart removed the action to this Court. A jury trial is scheduled for February 7, 2022. (Rec. Doc. 13, Scheduling Order).

Walmart's motion for summary judgment is based on both the deposition testimony of Lewis (Rec. Doc. 15-2, Exhibit A) and the store's surveillance video which captured Lewis's interaction with the Walmart greeter (*Id.*, Exhibit B). Walmart contends that the

---

[2] Lewis's deposition testimony indicates that she actually spent time shopping in the store rather than just exiting quickly. (Rec. Doc. 15-2, Exhibit A at 3).

2

video surveillance footage completely refutes the version of events alleged in ¶ VI of the petition quoted above.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire

record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

Lewis's interaction with the Walmart greeter as she was leaving the store was captured on surveillance video, a copy of which was attached to the motion for summary judgment as Exhibit B.[3] The video footage dispels any inference that Lewis was unlawfully detained or that the greeter searched her purse. In fact, the version of the events alleged in ¶ VI of the petition is not what occurred and this is confirmed by the deposition transcripts that Walmart provided with its motion. Lewis did interact with the greeter (Anthony) and the Court will accept as true that he did in fact tell Lewis that someone had accused her of stealing. The video refutes Lewis's statement (made in her deposition) that she had left her purse in the basket and that the greeter was looking in her purse. But even more importantly, the video demonstrates that Lewis was never detained. She walked away from the brief encounter and the greeter made no attempt to leave the storefront to follow her. Lewis did explain at her deposition that after she returned to her car, she phoned her daughter who then convinced her to go back into the

---

[3] Even though Plaintiff did not have an opposition in the record, the Court did not proceed to grant summary judgment in favor of Walmart based on Plaintiff's default. Instead the Court proceeded to examine the evidence in light of the arguments raised in Walmart's motion. The Court discovered that it could not read the Exhibit B video file. On December 13, 2021, the Court's law clerk emailed all counsel with a request specifically directed at defense counsel to provide another CD. A new CD was delivered but the Court could not locate the relevant footage on the two hour clip. On December 22, 2021, the Court's law clerk emailed all counsel with a request specifically directed at defense counsel to provide the timestamp of the relevant footage. Defense counsel responded. Plaintiff's counsel, who was copied on all of the emails exchanged in conjunction with Exhibit B, did not acknowledge any of the emails.

store and to demand to speak with a manager, which Lewis did do. It was at this time that the greeter, at Lewis's request, called a manager from the back of the store and Lewis chose to sit on the bench to wait. Lewis confirmed that at no time was she held against her will on the bench or anywhere else at any time. (Exhibit A at 10). When asked if she knew where the information alleged in her petition came from, allegations that are clearly not accurate, she responded, "I don't know." (*Id.*).

The tort of false arrest or false imprisonment occurs when one arrests and restrains another against his will and without statutory authority. *Cook v. Am. Gateway Bank*, 49 So. 3d 23, 36 (La. App. 1st Cir. 2010) (citing *Kennedy v. Sheriff of E. Baton Rouge,* 935 So.2d 669, 690 (La. 2006)). There are two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention. *Id.*

It is undisputed that Lewis was not detained by anyone with Walmart or restricted in her movements by Walmart. Moreover, the video footage completely refutes Lewis's claim that her purse had been sitting in her basket when the greeter (Anthony) tried to look in it. (Exhibit A at 6). Lewis had her purse on her person during the entire encounter. The video also refutes Lewis's claim that the greeter came after her near the shopping carts. (Exhibit A at 11). Walmart is entitled to judgment as a matter of law on the false imprisonment claim.

The defamation claim, as described by Lewis in the deposition excerpts provided by Walmart, is that when the greeter spoke to her he told her that some unidentified person had told him that she stole something, and that when this occurred Lewis was embarrassed and ashamed because there was a group of people around—four white

5

women, a black lady, a group of men, and a black man who was behind her and even asked her if she was all right. (Exhibit A at 7). Lewis testified that she heard one of the women say when passing by that "they [had] caught her stealing." (*Id.* at 12).

Four elements are necessary to establish a claim for defamation: (1) a false and defamatory statement concerning another, (2) an *unprivileged* publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Cook*, 49 So. 3d at 33 (citing *Kennedy,* 935 So.2d at 674). The element of fault is generally referred to in the jurisprudence as malice, actual or implied. *Id.* (citing *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004)).

Two things are undisputed in this case, one factually and one legally. First it is undisputed that Lewis had not stolen anything from the store. Also nothing in the record refutes or even contradicts Lewis's version of what the greeter said to her about being suspected of stealing. The Court accept that claim as true. Second, words that accuse someone of stealing are defamatory per se because they involve accusations of criminal conduct. *Id.* (citing *Costello*, 864 So. 2d at 140). When a plaintiff proves publication of words that are defamatory per se, the elements of falsity and malice (or fault) are presumed, but may be rebutted by the defendant. *Id.*

Walmart's argument in support of summary judgment insofar as the defamation claim is concerned is that the video surveillance footage refutes Lewis's claim of publication to a third party. According to Walmart, for most of the footage there is no one else around to witness Lewis's interaction with the greeter—this is accurate—and when people do walk by—because eventually people did walk by—they seem to be

6

disinterested in what was going on—this is accurate. Walmart correctly points out that the video does not capture anyone saying anything directly to Lewis.

The Court is not persuaded that Walmart is entitled to judgment as a matter of law on the defamation claim *on the current record and based on the sole argument raised on summary judgment*. The video footage naturally has no audio and the camera only picks up a section of the entry vestibule into the store. Other people were around during part of the footage and without audio the Court cannot deem incredible Lewis's contention that those people were present to hear the discussion about someone claiming that Lewis stole something. The Court likewise cannot discredit, based on the video, that Lewis was approached by a sympathetic bystander when she was away from the camera view.

In addition to not responding to motions, Lewis has not filed (likewise neither has Walmart) witness and exhibit lists so the record does not suggest that she is diligently prosecuting this case. The Court determines only, that based on the specific argument raised by Walmart at this time and based on the current record, summary judgment must be denied as to the defamation claim.

The Court notes that a settlement conference with the magistrate judge is scheduled for January 6, 2022 before the assigned magistrate judgment. The parties shall participate in that conference in good faith.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 15)** filed by the defendant, Walmart, Inc., is **GRANTED IN PART AND DENIED IN PART** as explained above.

7

**IT IS FURTHER ORDERED** that the **Motion to Strike (Rec. Doc. 18)** filed by the defendant, Walmart, Inc., is **DENIED AS MOOT** given that Plaintiff did not cure the deficiency in her untimely opposition. No proper opposition has been filed.

January 3, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE